IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID HOPPAUGH, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:12-cv-103–CMH–IDD ) |
| K12 INC., RONALD J. PACKARD, and HARRY T. HAWKS, | ) ) ) |
| Defendants. | ) ) |

## STIPULATION OF PARTIAL VOLUNTARY DISMISSAL WITH PREJUDICE

Pursuant to Rules 41(a)(1)(A) and 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiff Arkansas Teacher Retirement System ("Lead Plaintiff"), with the consent of Defendants K12 Inc. ("K12"), Ronald J. Packard, and Harry T. Hawks ("Defendants," and collectively with Lead Plaintiff, the "Parties"), by counsel, hereby files this Stipulation of Partial Voluntary Dismissal with Prejudice of certain claims against Defendants, and states as follows:

1. On June 22, 2012, Lead Plaintiff filed an Amended Complaint in the above-captioned action, asserting claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, based on alleged misrepresentations and omissions by Defendants during the period September 9, 2009 through December 16, 2011.

2. In the Amended Complaint, Lead Plaintiff alleged, *inter alia*, that during earnings calls and investor conferences, Defendants made false or misleading statements regarding the academic performance of students enrolled in online schools managed by K12 ("K12-managed schools") (the "academic performance claims") and the quality of the education provided by

K12-managed schools (the "educational quality claims") including, but not limited to, statements concerning:

    a. Comparisons between the academic performance of students enrolled in K12-managed schools and students enrolled in traditional brick-and-mortal schools;

    b. Performance by students enrolled in K12-managed schools on federal, state, and internal academic measures;

    c. The high school graduation rates of students enrolled in K12 managed schools; and

    d. High parent-satisfaction levels with K12.

3. Lead Plaintiff also alleged that, during this same time period, Defendants omitted certain information which rendered the statements described above and other statements false or misleading, including, but not limited to:

    a. Aggressive corporate enrollment practices that resulted in excessive and burdensome student-teacher ratios at K12-managed schools;

    b. Use of lenient grading and attendance policies at K12-managed schools;

    c. Hiring of teachers for K12-managed schools who were not qualified and/or not certified to teach the subjects they taught; and

    d. Failure of special education programs at K12-managed schools to meet government standards, including Adequate Yearly Progress (AYP).

4. On October 25, 2012, discovery commenced with respect to Lead Plaintiff's Section 10(b) and 20(a) claims, and continued through February 1, 2013.

5. Extensive fact and expert discovery to date has not revealed sufficient factual support for Lead Plaintiff's allegations that Defendants made false or misleading statements or omissions of material information regarding the academic performance of K12 students or the quality of education provided by K12-managed schools.

6. Substantial fact and expert discovery to date does not support the academic performance and educational quality claims on the merits. Such fact discovery included, but is not limited to:

    a. Documents produced by Defendants, including documents identified from forty-one custodians, totaling 132,355 documents comprising 1,032,725 pages;

    b. Deposition testimony of K12 corporate representatives taken pursuant to Federal Rule of Civil Procedure 30(b)(6); and

    c. Deposition testimony of ten third-party witnesses, including five senior-level K12 employees and five former employees, including four of the "Confidential Witnesses" in the Amended Complaint.

7. Similarly, substantial expert discovery has undermined Lead Plaintiff's academic performance and educational quality claims. Such expert discovery included the 79-page report of Defendants' expert in the education industry, who opined, contrary to the allegations of the Amended Complaint, that:

    a. "[S]tudents do better the longer they stay with the K12 program."

    b. "[S]tudents who stay with K12 over time perform at levels exceeding state averages . . . ."

    c. "[I]n a broader set of 33 K12 managed virtual academies, 19 academies—well over half—posted percentage proficient scores that equaled or exceeded the average percentages for their respective states in reading in the 2009-2010 school year."

    d. "When students stay with K12 over time, their scores exceed state averages."

    e. "K12 has been a major participant in the development of a new approach to delivering public education. . . . K12 invested more—$240 million—than any other education entity in online experiences for their students. . . . In my opinion, *K12's online resources are regarded as among the most interactive and engaging on the market.*"

8. In the Fourth Circuit, it is well established that courts must "analyze each of the alleged misrepresentations or omissions separately to determine whether [a plaintiff] has stated a

claim under § 10(b) as to that misrepresentation or omission." *Morris v. Wachovia Sec., Inc.*, 277 F. Supp. 2d 622, 630 (E.D. Va. 2003); *see also In re PEC Solutions, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 29873, at *11 (E.D. Va. May 25, 2004) ("Courts have employed a statement-by-statement analysis in evaluating whether the complaint 'specif[ies] each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omissions is made on information and belief . . . state with particularity all the facts on which that belief is formed" for § 10(b) claims); *Arnlund v. Smith*, 210 F. Supp. 2d 755, 762-63 (E.D. Va. 2002) (conducting a "statement-by-statement analysis" and ruling on defendants' motion to dismiss as to each alleged misrepresentation or omission).

9. Because the extensive discovery to date has not established that Lead Plaintiff's academic performance and educational quality claims are sufficiently supported by documentary evidence, witness testimony, or expert opinion, dismissal of those claims is reasonable and fair. Therefore, Lead Plaintiff hereby dismisses its Section 10(b) and 20(a) claims against Defendants, with prejudice, to the extent those claims are based on misrepresentations or omissions regarding academic performance and educational quality.

Respectfully submitted this 4th day of March, 2013.

By: /s/ Steven T. Webster
Steven T. Webster (VSB# 31975)
Aaron S. Book (VSB# 43868)
James J. Holt (VSB# 78601)
WEBSTER BOOK LLP
300 N. Washington St., Suite 404
Alexandria, VA 22314
Telephone: (888) 987-9991
Facsimile: (888) 987-9991

*Local Class Counsel*

By: /s/ Michele E. Rose
Michele E. Rose (VSB# 45001)
Kevin H. Metz (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201

Peter Wald (*pro hac vice*)
LATHAM & WATKINS LLP

Jonathan Gardner
Paul J. Scarlato
Angelina Nguyen
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477

*Class Counsel*

505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-8006

*Attorneys for Defendants K12 Inc., Ronald J. Packard, and Harry T. Hawks*

 

**SO ORDERED,** this ___ day of _____, 2013

_____
The Honorable Claude M. Hilton
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2013, I will electronically file the foregoing Stipulation of Partial Voluntary Dismissal with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users.

Steven T. Webster (VSB# 31975)
Aaron S. Book (VSB# 43868)
James J. Holt (VSB# 78601)
WEBSTER BOOK LLP
300 N. Washington St., Suite 404
Alexandria, VA 22314
Telephone: (888) 987-9991
Facsimile: (888) 987-9991

*Local Counsel for the Class*